E-FILED
Monday, 31 October, 2005 02:04:41 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Glenn Rinkel, | ) | |
|              Plaintiff | ) | |
| | ) | Case No. 05-1022 |
| | ) | |
| Caterpillar Inc., | ) | |
|              Defendant | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court are the cross briefs[1] of the parties with respect to the issue of the standard of review that applies in this ERISA case.

The ERISA Plan at issue in this case is Caterpillar Employees' Investment Plan. Plaintiff's claim is for a differential valuation of his account value under § 502(a)(1)(B) and for prejudgment interest on that differential under § 502(a)(3).

The Plan provides in pertinent part that the Plan Administrator has the "discretionary powers ... to determine all questions arising under the Plan, including the power to determine the rights and eligibility of participants and their beneficiaries and the value of their respective accounts under the Plan."

Defendant argues that this court should examine the administrator's decision using the arbitrary and capricious standard as first articulated in <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 114 (1989). Plaintiff concedes that the arbitrary and capricious

---

[1] Defendant entitled its brief a "motion." Because the parties were directed to file briefs not motions, the motion is mooted by this order.

standard applies in this case, but argues that the administrator has a conflict of interest, triggering a "sliding scale" approach as adopted by the Seventh Circuit in <u>Chalmers v. Quaker Oats Co.</u>, 61 F.3d 1340, 1344 (7th Cir. 1995). Actually, the sliding scale is not a separate mode of analysis. It is simply a way of evaluating whether there has been a breach of fiduciary duty under the deferential "arbitrary and capricious" standard. <u>Firestone</u>, 489 U.S. at 115.

In reviewing whether the administrator's decision was an abuse of the discretion accorded by the Plan, the court may also evaluate certain factors that "are designed principally to train the judicial examination on the thoroughness with which the fiduciary has examined the factual underpinnings of the situation." <u>Cozzie v. Metropolitan Life Ins. Co.</u>, 140 F.3d 1104, 1109 (7th Cir. 1998). Such factors include "the impartiality of the decision making body, the complexity of the issues, the process afforded parties, the extent to which the decision makers utilized the assistance of experts where necessary, and finally the soundness of the fiduciary's ratiocination." <u>Id.</u> at 1108. See also, <u>Carr v. Gates Health Care Plan</u>, 195 F.3d 292, 295 (7th Cir. 1999).

For purposes of the case before this court, what these cases do is define the scope of discovery that is proper in this case. Under the arbitrary and capricious standard, the court's review of the administrator's decision is limited to the record that was before the administrator at the time the decision was rendered and to those factors articulated in <u>Chalmers</u>, supra. Defendant argues against application of the "sliding scale" factors. Whether or not there is proper evidence to support consideration of those factors is a matter dependent upon discovery and to be resolved upon summary judgment motions.

Because these are factual questions, it is inappropriate to decide those questions at this time.

Because the Court deferred entering a scheduling order until the appropriate standard of review was determined (See Minutes, 5/13/05), this case is set for a telephone scheduling conference pursuant to Fed.R.Civ.P.16 on Wednesday, November 30, 2005 at 10:30 a.m.  An agreed discovery plan consistent with this Order is to be on file by Monday, November 28, 2005.

ENTER this 31st day of October 2005.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE